IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOGAN MURPHY,**

        **Petitioner,**

        v.

**WARDEN, MADISON
CORECTIONAL INSTITUTION,**

        **Respondent.**

        **Case No. 2:18-cv-638
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura**

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to the United States Magistrate Judges.

Petitioner has filed a motion to proceed *in forma pauperis*.  Upon consideration, the Undersigned finds the motion to be meritorious and it is **GRANTED**.  Petitioner shall be **PERMITTED** to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

The Court notes that Petitioner has not signed the Petition (*see* ECF No. 1-2, PAGEID # 19). 28 U.S.C. § 2242 provides that an "[a]pplication for a writ of habeas corpus shall be in writing and signed and verified by the person for whose relief it is intended or by someone acting in his behalf.")  *See also* Rule 2(c) of the Rules Governing Section 2254 Cases (providing that the petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner.")  The Petition therefore is subject to dismissal on this basis.  *See*

*Hall v. Trierweiler*, No. 16-cv-10126, 2016 WL 3511887, at *2 (E.D. Mich. July 6, 2016) (citing *Vernon v. Alexander*, 815 F.2d 81 (Table) (6th Cir. 1987); *Moorer v. Winn*, No. 2:14-12463, 2014 WL 2993721, at *1 (E.D. Mich. July 3, 2014)).  However, even if the filing was compliant, this action nonetheless is plainly time-barred.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  If it does so appear, the petition must be dismissed. *Id*.  Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d).

**Facts and Procedural History**

Petitioner challenges his conviction after a jury trial in the Ross County Court of Common Pleas on the charge of aggravated murder, in violation of O.R.C. § 2903.01.  On December 23, 2014, the trial court imposed a term of life in prison with parole eligibility after thirty years.  *See State v. Murphy*, No. 15CA3475, 2016 WL 1090463, at *7 (Ohio Ct. App. Mar. 10, 2016).  On March 10, 2016, the appellate court affirmed the judgment of the trial court.  *Id*.  Petitioner apparently did not file a timely appeal.  On December 28, 2016, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal.  *State v. Murphy*, 147 Ohio St.3d 1473 (Ohio 2016).

On June 29, 2018, Petitioner filed this habeas corpus petition. Liberally construing his pleadings, Petitioner appears to assert that he was denied the effective assistance of counsel, because his attorney failed to qualify his treating psychologist as an expert witness, failed to keep "some essential people" on the jury, and failed to properly question a witness.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Even construing the statute of limitations in the light most favorable to the Petitioner, and assuming, *arguendo*, that the statute of limitations did not begin to run until December 29, 2016, the day after the Ohio Supreme Court denied Petitioner's motion for a delayed appeal, this action

is untimely.[1]  Under such a scenario, the statute of limitations would have expired one year later, on December 29, 2017.  Petitioner nonetheless waited approximately six additional months, until June 29, 2018, to file this § 2254 petition.  Further, he does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing.) (citing *Pace v. DiGuglielmo*, 544 U.S. at 418)).

**Recommended Disposition**

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED**.

<u>**Procedure on Objections**</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

---

[1] Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final in April 2016, forty-five days after the appellate court's March 10, 2016 decision affirming the judgment of the state trial court.  *See Burns v. Warden*, *Chillicothe Corr. Inst.*, No. 2:18-cv-00055, 2018 WL 684647, at *2 (S.D. Ohio Feb. 1, 2018) (citations omitted).  The statute of limitations began to run on the following day.  The website of the Ross County Clerk indicates that, on November 7, 2016, Petitioner filed a Notice of Appeal in the Ohio Supreme Court.  That action, or the filing of a motion for a delayed appeal, would have tolled the running of the statute of limitations the time period during which it remained pending.  *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)).

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

> */s/ Chelsey M. Vascura*
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE